T.C. Summary Opinion 2001-41


UNITED STATES TAX COURT


MICHELE ANTHONY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17470-99S.                    Filed March 27, 2001.


Michele Anthony, pro se.

<u>Douglas S. Polsky</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioner's Federal income taxes of $15,117 and $3,957 for the taxable years 1996 and 1997.

After concessions by petitioner,[1] the sole issue for decision is whether, and if so to what extent, petitioner is required to include in income long-term capital gain of $49,297 realized from the sale of her personal residence in 1996.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Lee's Summit, Missouri, on the date the petition was filed in this case.

In 1973, petitioner and her former husband, Clinton Anthony, purchased a residence in Compton, California, for $29,900. They made no major improvements to the residence. On January 17, 1984, petitioner was divorced from Mr. Anthony in California. Pursuant to the agreement, by deed dated March 14, 1984, Mr.

---

[1]For taxable year 1996, petitioner concedes she is not entitled to disallowed itemized deductions of $20,750, solely contingent upon a possible computational adjustment to the claimed medical expense deduction which may be required pursuant to the Court's holding on the remaining issue in this case. For taxable year 1997, petitioner concedes the entire deficiency.

Anthony quitclaimed to petitioner his interest in the Compton residence.

In February 1994, petitioner was transferred by her employer to Kansas City, Missouri. The same month, the Compton residence was appraised for Sumitomo Bank; its value was estimated to be $135,500. In March 1994, petitioner borrowed $100,000 from Sumitomo Bank, granting a deed of trust against the Compton residence in favor of the bank. On or about May 12, 1994, petitioner purchased a residence in Lee's Summit, Missouri, for $97,600.

Petitioner began renting the Compton residence following her employment transfer. Petitioner started attempting to sell the residence at least as early as August 1995, when she entered into an agreement with a real estate agent. She finally sold the residence on September 27, 1996, for $119,000, incurring expenses of $16,852.

Petitioner filed Form 2119, Sale of Your Home, with her Federal income tax return for taxable year 1996. She reported gain of $3,255 on this form, but did not include this amount in gross income. Respondent issued petitioner a statutory notice of deficiency reflecting his determination that petitioner had unreported long-term capital gain of $49,297 from the sale of the Compton residence.

Under sections 61(a) and 1001(c), taxpayers generally must recognize in the year of sale all gain or loss realized upon the sale or exchange of property.[2]  Section 1034(a),[3] however, provides an exception under which, if certain requirements are met, taxpayers defer recognition of gain when sale proceeds are reinvested in a new principal residence.  The section reads in pertinent part as follows:

> SEC. 1034(a).  Nonrecognition of Gain.--If property (in this section called "old residence") used by the taxpayer as his principal residence is sold by him and, within a period beginning 2 years before the date of such sale and ending 2 years after such date, property (in this section called "new residence") is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price (as defined in subsection (b)) of the old residence exceeds the taxpayer's cost of purchasing the new residence.

Petitioner purchased the Lee's Summit residence on May 12, 1994, but did not sell the Compton residence until September 27, 1996-- beyond the expiration of the section 1034(a) two-year period. Petitioner urges this Court to relax the rigidity of the two-year requirement for several reasons.  First, she used money from a

---

[2]See also secs. 1221 through 1223 for the definition of a capital asset and related terms, and sec. 1(h) for the rate of tax imposed on long-term capital gains.

[3]Sec. 1034 was repealed by sec. 312 of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat. 836, generally effective for sales and exchanges after May 6, 1997.  The sec. 1034 rollover provision was replaced by an expanded and revised sec. 121.

mortgage of the Compton residence to purchase the Lee's Summit residence in order to avoid gain recognition in anticipation of selling the Compton residence.  Second, she purchased the new residence within several months of the time period.  Third, the proceeds from the sale were used solely for home repairs and related costs.  Despite these reasons, a relaxation of the express requirements of the statute is not within our jurisdiction:  We must apply the law as it is written by Congress.  See, e.g., Waters v. Commissioner, T.C. Memo. 1995-535 ("the period fixed by statute is a strict requirement for obtaining the benefits of section 1034, and * * * we are without authority to weigh the merits of the events precipitating delay to determine whether the time limits may be waived or extended").

We uphold respondent's determination that petitioner is not entitled to deferral of gain recognition on the sale of the Compton residence under section 1034(a).[4]

We next turn to an examination of the amount of gain petitioner recognized.  Under section 1001, gain on the sale of property generally is recognized in an amount equal to the excess of the amount of money received over the adjusted basis of the property.  Under sections 1011(a) and 1012, the adjusted basis

---

[4]We need not discuss respondent's alternative argument (and the position taken in the notice of deficiency) that the Compton residence ceased being petitioner's personal residence and instead became rental property prior to its sale.

generally is equal to the taxpayer's cost of the property, adjusted as required under section 1016.  The basis of community property transferred pursuant to a divorce depends upon the nature of the property division.[5]  If the division is a nontaxable one, e.g., an equal division of strictly community property, the transferee spouse receives each asset with a basis equal to its basis to the community prior to division.  See Carrieres v. Commissioner, 64 T.C. 959, 964-965 (1975), affd. 552 F.2d 1350 (9th Cir. 1977).  A taxable division causes different results.  A taxable division occurs either from an unequal division or from an exchange of separate property for virtually all of the other spouse's community property in an otherwise equal division.  In these situations, where the transferee spouse receives a whole asset, she receives it with a basis equal to one-half the basis prior to division plus one-half the fair market value of the property.  See id.  This is so because one-half of the property is deemed to have been sold by the transferor spouse to the transferee spouse at fair market value. The transferee spouse keeps her original basis in her one-half interest while receiving a cost basis for her spouse's one-half

_____

[5]Sec. 1041 is not applicable in this case because the transfer of Mr. Anthony's interest in the Compton residence occurred prior to July 18, 1984, and nothing in the record indicates petitioner and Mr. Anthony elected to have sec. 1041 apply to the post-1983 transfer.  See Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 421, 98 Stat. 793.

interest which is deemed to have been sold to her.  See id.; sec. 1012.

Respondent, assuming the division of property upon divorce was an equal but taxable division, made the following determination of the amount of gain on the sale of the Compton residence:

| | |
|---|---|
| Selling price | $119,000 |
| Selling expenses | (16,852) |
| Adjusted basis | (52,851) |
| Gain on sale | 49,297 |

Respondent's computation of the adjusted basis can be summarized as follows.  First, respondent computed Mr. Anthony's share of the value of the home at the time of the divorce.  Using the purchase price in 1973 of $29,900 and the appraised value in 1994 of $135,500, respondent computed yearly appreciation of $5,029 over the 21-year period.  Respondent then computed the value at the time of the divorce in 1984 to be $85,219 (purchase price plus 11 years appreciation), and thus Mr. Anthony's share to be $42,610.  Second, respondent computed petitioner's adjusted basis as follows:

| | |
|---|---|
| Petitioner's share of purchase price (½ of $29,900) | $14,950 |
| Mr. Anthony's share of value at divorce | 42,610 |
| Depreciation allowed in 1994-1996 | (4,709) |
| Adjusted basis | 52,851 |

Petitioner objects to this computation.  She argues that, as part of the divorce agreement, the residence was quitclaimed to her in lieu of any claim by her to alimony.  Because of this fact, she objects to respondent's division of the property into two interests and having given her "credit" for only one-half.  As we understand it, petitioner's argument is that the basis of the residence should have been equal to its full value, not one-half its value plus one-half its cost.  Respondent's position on the basis of the residence is in accordance with the law, however, and petitioner has not shown any of respondent's factual determinations to be in error.  Taking into account respondent's assumption that the division was an equal yet taxable division, respondent's calculations are in accordance with Carrieres v. Commissioner, supra, in that petitioner received a basis in the residence equal to one-half its cost plus one-half its value at the time of the divorce.  If petitioner is arguing that the division was equal but nontaxable, the result of her argument would be recognition of a higher amount of gain because petitioner's basis in the residence would have been its original cost (less depreciation), not its fair market value at the time of the divorce.  See id.

We uphold respondent's determination of the amount of gain recognized on petitioner's sale of the Compton residence.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.